IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10839
Summary Calendar
_____

RENATO G. MUELA,

                                    Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

                                    Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:99-CV-237
--------------------
January 22, 2003

Before BARKSDALE, DEMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Renato G. Muela, TDCJ-ID # 815244, seeks a certificate of
appealability ("COA") to appeal the denial of his 28 U.S.C.
§ 2254 application challenging his sentence for aggravated
robbery.  To obtain a COA, an applicant must make "a substantial
showing of the denial of a constitutional right."  See 28 U.S.C.
§ 2253(c)(2).  Because the district court's dismissal was on the
merits, "[t]he petitioner must demonstrate that reasonable

_____

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Muela first asserts that counsel provided ineffective assistance by failing to determine whether Muela would accept a plea agreement. To prevail on a claim of ineffective assistance of counsel, a petitioner must show: (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 689-94 (1984). Because this claim clearly was denied on the merits by the state courts, our review is deferential. See 28 U.S.C. § 2254(d). Our review persuades us that the state courts' factual determinations were not based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding," and that counsel did not provide ineffective assistance. See id. A COA is denied on this issue.

We are not persuaded that Muela's remaining claims were denied on the merits by the state courts; therefore, our review is de novo. See Miller v. Johnson, 200 F.3d 274, 281 n.4 (5th Cir.) (de novo review proper in absence of clear decision on merits), cert. denied, 531 U.S. 849 (2000).

Muela's claim that the Texas aggravated robbery statute did not comply with a procedural requirement of the Texas

Constitution, and therefore that his conviction is void, is without merit. Compliance with a procedural requirement of the Texas Constitution is not a right guaranteed by the U.S. Constitution, and therefore non-compliance does not constitute an independent basis for federal habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law") (internal quotation omitted)). A COA is denied on this issue.

Muela also argues that he pleaded guilty pursuant to a plea agreement that he would receive no more than ten years' imprisonment, that any adjudication would be deferred, and that he would be placed on probation for ten years. He asserts that when he agreed to plead true to violations of the terms of probation in 1998, he believed the plea agreement limited any sentence of imprisonment to ten years; however, the trial court sentenced him to 18 years' imprisonment. Muela's argument is based on a 1996 "Punishment Recommendation," which was accepted by the trial court, that appears to recommend both ten years' imprisonment and deferred adjudication with ten years' community supervision; however, the recommendation for ten years' imprisonment has been lined through, a deletion that Muela asserts occurred after the original proceedings.

Because the district court did not address the validity of the imprisonment recommendation, and because the record does not

contain other possibly relevant evidence that could either support or refute Muela's assertion (such as transcripts of the state court hearings or affidavits addressing this issue), we conclude that reasonable jurists could find the district court's assessment of [this] constitutional claim[] debatable or wrong." Slack, 529 U.S. 484.  Therefore, COA is GRANTED on the issue of whether Muela's punishment recommendation also contained an agreement as to a term of imprisonment.  The judgment of the district court is VACATED, and the case REMANDED to allow further factual development of this issue, and to allow the district court to address the impact, if any, of this provision on Muela's subsequent state proceedings and sentence.

COA DENIED IN PART, GRANTED IN PART; VACATED AND REMANDED.